# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL     'O'

| Case No. | 2:16-CR-00741-CAS - 2 | Date | November 26, 2018 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | (SPANISH) – Estella Moll | | |

| Catherine Jeang | Laura Elias | Claire Kelly |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder, Tape No.* | *Assistant U.S. Attorneys* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| MIGUEL ANGEL CARILLO GARCIA | X | X | | WILLIAM HARRIS | X | | X |

**Proceedings:** DEFENDANT MIGUEL ANGEL CARILLO GARCIA'S MOTION TO SEVER (Dkt. 104, filed Oct. 25, 2018)

Defendants Miguel Angel Carillo Garcia ("Garcia") and Jose Eduardo Carillo ("Carillo") were indicted on October 20, 2016. Dkt. 13. The indictment charged both defendants with conspiracy and substantive possession of methamphetamine seized on September 20, 2016 from a duffel bag in a vehicle driven by Carillo on the I-5. Id. A joint trial of Carillo and Garcia is scheduled for January 22, 2019. Dkt. 103.

On October 25, 2018, Garcia filed the instant motion seeking a severance of his trial from Carillo's trial. Dkt. 104. Garcia argues that he would be prejudiced by a joint trial because he would be unable to introduce a Miranda waiver signed by Carillo in which Carillo states that he knew about the drugs recovered from the vehicle and Garcia did not. Id. at 3. The Court previously ruled that this statement was not admissible against Carillo at trial. Dkt. 89. Garcia seeks to sever his trial from Carillo's trial so that Carillo's Miranda waiver is available to Garcia as exculpatory evidence.

Garcia further argues that the Miranda waiver is admissible as a declaration against Carillo's interest. Under Federal Rule of Evidence 804(b)(3), an out-of-court statement is not hearsay if: (1) the declarant is unavailable as a witness; (2) a "reasonable person in the declarant's position would have made [the statement] only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency. . . to expose the declarant to civil or criminal liability"; and (3) the statement is supported by corroborating circumstances that clearly indicate its trustworthiness." Fed. R. Evid. 804(b)(3). Garcia contends that Carillo's Miranda waiver meets all the requirements of Rule 804(b)(3).

**CRIMINAL MINUTES – GENERAL**                    **'O'**

On November 7, 2018, the government filed a notice of non-opposition to Garcia's motion to sever. Dkt. 107. The government agrees that the defendants have mutually antagonistic defenses, but requests that the Court not yet rule on the admissibility of Carillo's statement in Garcia's trial. Id. at 2. According to the government, it is premature to determine the admissibility of Carillo's statement at trial because it is an out-of-court statement that, depending on the facts that develop during Carillo's trial, may or may not fall within one of the hearsay exceptions. Id. The government contends that it is unclear whether Carillo would be unavailable at the time of Garcia's trial and whether the statement is supported by corroborating circumstances clearly indicating its trustworthiness. Id. at 3. The government argues that the trustworthiness of Carillo's written statement would be called into question if, for example, Carillo testifies at his trial that the drugs did not belong to him. Id. Accordingly, the government requests that the trial for Carillo proceed before the trial for Garcia, and that the Court postpone ruling on the admissibility of the Miranda waiver until after the resolution of Carillo's trial.

The Court held a hearing on November 26, 2018. At hearing, Garcia indicated that he did not oppose the government's proposal to hold the trial for Carillo first and to postpone raising the issue of the admissibility of Carillo's Miranda waiver until after Carillo's trial.

Courts have discretion to sever defendants' trials pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure where joinder "appears to prejudice a defendant or the government." The decision whether to sever properly joined defendants under Rule 14 is "committed to the sound discretion of the trial court." United States v. Adams, 581 F.2d 193, 197 (9th Cir. 1978). Severance of defendants at trial, however, is only warranted in cases where joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy. See United States v. Doe, 655 F.2d 920, 926 (9th Cir. 1980). Severance of co-defendants is proper where there is a serious risk that a joint trial would compromise a specific trial right of a defendant or prevent the jury from making a reliable judgment about that defendant's guilt or innocence. Zafiro v. United States, 506 U.S. 534, 537 (1993).

Without ruling on the admissibility of Carillo's Miranda waiver at Garcia's trial, the Court finds that a joint trial would compromise Garcia's ability to introduce this potentially exculpatory evidence. Based on this finding and the government's non-opposition, the Court grants Garcia's motion to sever.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |